# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 10. 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JACKIE W. SMITH**
**Claimant Below, Petitioner**

**vs.)   No. 12-0882** (BOR Appeal No. 2046998)
                    (Claim No. 2008034842)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jackie W. Smith, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Highways, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 13, 2012, in which the Board affirmed a February 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 3, 2011, decision which denied authorization of an MRI of the left shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith injured his left shoulder and neck in the course of his employment when he slipped on some ice and fell. An independent medical evaluation by James Dauphin, M.D., conducted on March 5, 2009, indicated that the claim was compensable for sprain of the left shoulder, upper arm, and neck. Dr. Dauphin concluded that Mr. Smith was at maximum medical improvement for the approved conditions. A physician review was performed on March 8, 2011, by Prasadarao Mukkamala, M.D. He found that the claim was compensable for cervical disc displacement, sprain of the neck, and sprain of the shoulder. It was his opinion that an MRI

1

would only be necessary to address impingement which resulted from degenerative changes and was not a compensable component of the claim. Dr. Dauphin conducted a second independent medical examination on March 15, 2011. He again concluded that Mr. Smith was at maximum medical improvement. In his report he refused to comment on the shoulder sprain, because it was no longer being treated. Based upon these reports, the claims administrator denied authorization for an MRI of the left shoulder on May 3, 2011.

Mr. Smith's treating physician, Michael Shramowiat, M.D., testified in a deposition on August 17, 2011. In his deposition, he asserted that he diagnosed Mr. Smith with left shoulder impingement on March 13, 2008. He disagreed with the suggestion that he did not treat Mr. Smith for left shoulder problems in the last year. Mr. Smith was taking the medications Amrix and Tramadol for the left shoulder impingement, and he was also instructed to use ice. He stated that when he last saw Mr. Smith on July 14, 2011, he was still having left shoulder problems. It was his opinion that the MRI is necessary to see if the shoulder impingement has caused a rotator cuff tear. Dr. Shramowiat acknowledged that as far as he was aware, the claim was only compensable for shoulder sprain/strain and not for shoulder impingement. It was his opinion that the shoulder condition was the result of the February 12, 2008, work-related injury. It was also his opinion that Mr. Smith's subsequent injury to his lower back on October 28, 2010, had no impact on his left shoulder.

The Office of Judges affirmed the decision of the claims administrator in its February 14, 2012, Order. The Office of Judges found that Dr. Shramowiat indicated in his deposition that Mr. Smith's left shoulder problems were the result of impingement and not degenerative changes. It was also his opinion that Mr. Smith's intervening injury in October of 2010 would not have caused a reoccurrence of his left shoulder problems. The Office of Judges determined however, that Dr. Shramowiat did not mention that Mr. Smith had a positive impingement test at the left shoulder until February 28, 2011. The Office of Judges noted that Dr. Mukkamala determined that the request for a left shoulder MRI was to address impingement which was caused by degenerative changes and not a compensable injury. Also, Dr. Mukkamala reiterated that Mr. Smith was deemed to be at maximum medical improvement in March of 2009 by Dr. Dauphin. Dr. Dauphin reexamined him in March of 2011 and again found him to be at maximum medical improvement. During that evaluation, Dr. Dauphin refused to comment on the shoulder sprain, because it was not being treated and was no longer an issue. Based upon these reports, the Office of Judges ultimately concluded that Mr. Smith failed to establish by a preponderance of the evidence that he was entitled to a left shoulder MRI. The Office of Judges noted that neither left shoulder impingement nor pre-existing degenerative changes were compensable components of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 13, 2012, decision. This Court finds that the Board of Review's decision is supported by the evidentiary record. Mr. Smith has been found to be at maximum medical improvement on two separate occasions, and there is no evidence in the record that the claim is compensable for left shoulder impingement or degenerative changes.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum